**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| DAVID TEICHMAN,<br><br>Plaintiff,<br><br>v.<br><br>FIRSTSOURCE ADVANTAGE, LLC,<br>WELLS FARGO BANK, N.A.,<br><br>Defendants. | ) | Case No. |

**COMPLAINT**

NOW COMES Plaintiff, DAVID TEICHMAN, ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant FIRSTSOURCE ADVANTAGE, LLC, ("FIRST") and Defendant WELLS FARGO BANK, N.A. ("WELLS FARGO") (collectively "Defendants"):

**Nature of the Action**

1. This action arises pursuant to the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 *et seq*, and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*. Plaintiff also asserts claims for breach of

contract and fraudulent inducement, and seeks declaratory relief pursuant to 28 U.S.C. § 2201.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Pinellas County, in the City of St. Petersburg, in the State of Florida.

3. At all times relevant, Plaintiff was a "debtor" and "consumer" as those terms are defined by Fla. Stat. § 559.55(8).

4. At all times relevant, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1693a(6).

5. Defendant FIRST is a third party collection agency doing business in the State of Florida, with its principal place of business located in Buffalo, New York.

6. Defendant FIRST is a "debt collector" as defined by the Florida Consumer Collection Practices Act Fla. Stat. § 559.55(7).

7. Defendant FIRST is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

8. Defendant WELLS FARGO is a creditor as defined by the Florida Consumer Collection Practices Act Fla. Stat. § 559.55(5)

9. Defendant WELLS FARGO is a bank doing business nationwide with its headquarters located in San Francisco, California.

10. At all times relevant to this Complaint, Defendants acted through their agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

11. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

12. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

13. Plaintiff is a consumer who is the victim of unfair debt collection practices by Defendants.

14. Plaintiff is a victim of additional consumer protection violations by Defendant WELLS FARGO.

15. On or around February 4, 2025, Plaintiff entered into an agreement with WELLS FARGO to settle a credit account ending in 8528 for a balance of $4,242.00.

16. Pursuant to the agreement, WELLS FARGO would make preauthorized electronic fund transfers ("auto-payments") from Plaintiff's debit account on a monthly basis to satisfy a debt which Plaintiff owed to WELLS FARGO.

17. In exchange for Plaintiff's money through the transfers, WELLS FARGO would settle the remaining $5,889.00 and refrain from sending the account to collections.

18. The initial transfer was agreed to be $474 on February 16th and the subsequent eight transfers were agreed to be $471, from March through October, on the 16th day of each month.

19. Defendant WELLS FARGO deviated from the agreed conduct by executing the fund transfers on different days than the 16th of each month.

20. Specifically, WELLS FARGO transferred funds on February 4, March 17, April 17, May 19, July 2 (to satisfy the June Payment), and August 13 (to satisfy the July payment); WELLS FARGO never executed any electronic fund transfer when it had agreed to.

21. To satisfy the June and July payments, Plaintiff issued phone calls to Defendant to alert them to the situation, at which time Defendant would regularly apologize, execute the payment, then promise to re-establish the auto-payment process.

22. Each time Plaintiff called Defendant, Defendant claimed that Plaintiff's account lacked sufficient funds to make the payments, but Plaintiff's bank records demonstrate that the account held sufficient funds to complete each auto-payment so Defendant's communications were inaccurate, deceptive, and misleading.

23. In September and October, Defendant rejected drawing funds, violating its obligations and instead assigned Plaintiff's account to Defendant FIRST to initiate collection activity on or around November 17, 2025.

24. WELLS FARGO refused to take the available funds to satisfy the settlement agreement, despite its obligation to do so under the settlement agreement.

25. In subsequent communications, WELLS FARGO attempted to justify its refusal to take Plaintiff's money on the grounds that Plaintiff's account had insufficient funds on the 16th of September; however, Plaintiff's account had sufficient funds on the 17th of September and for several days thereafter, which is significant because WELLS FARGO only every executed the payments on the 17th of each month or later.

26. WELLS FARGO's justification is false because it relies upon express instructions in the agreement that both parties to the contract altered through their conduct for the entire lifespan of the contract.

27. On information and belief, WELLS FARGO never intended to settle the debt and always intended to attempt to collect the total debt, and only induced Plaintiff's cooperation into the settlement agreement to coerce Plaintiff's cooperation with early collection activity.

28. Defendant FIRST commenced debt collection activity against Plaintiff on or around January 6, 2026, when it sent Plaintiff a letter which was an attempt to collect a debt of $7,776.00, credited by Defendant WELLS FARGO, for an account number ending in x8528.

29. In its letter, FIRST misrepresented the sum and status of the debt because it attempted to collect for more than the value of the two final payments which WELLS FARGO rejected, and more than the remaining value of the original balance summed with the value of the two final payments.

30. On information and belief, FIRST and WELLS FARGO were separately and collectively attempting to collect for more than the amount owed.

31. Moreover, in its letter dated January 6, 2026, FIRST omitted the statutory requirements regarding notice codified at 15 U.S.C. § 1692g(a)(3-5).

32. As a result of Defendants' misconduct, Plaintiff has suffered harassment, abuse, oppression, interference with his daily and usual activities, and both mental and emotional distress.

**COUNT I – WELLS FARGO**
**Violation of the Florida Consumer Collection Practices Act**
**Fla. Stat. § 559.72**

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-32.

34. Defendant violated Fla. Stat. § 559.72(5) by disclosing to a person (in this case Defendant FIRST) information affecting Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false, because there is no legitimate business need to solicit collection of non-existent debt, and because representing this debt's existence is false.

35. Defendant violated Fla. Stat. § 559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact, because Defendant knew the debt would be reasonably disputed by Plaintiff because Plaintiff had performed pursuant to the settlement agreement specifically to extinguish the original debt's existence, when Defendant communicated with Defendant FIRST.

36. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or his family, or willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family, such as by

exposing Plaintiff to third party debt collection and the risks of litigation that naturally follow third party debt collection.

37. Defendant violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate, and by asserting the existence of a legal right to collect the original balance when Defendant knew that right did not exist, because Plaintiff performed or tendered performance of every payment due under the settlement agreement, Defendant itself refused the final payment, and Defendant nevertheless placed the account with Defendant FIRST to collect an amount exceeding the final settlement payment.

38. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage and continues to suffer actual damages, including emotional distress, mental distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. Pursuant to Fla. Stat. § 559.77(2), Defendant is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by Plaintiff. The court may award punitive damages and may provide such equitable relief as it deems necessary or proper.

**COUNT II – WELLS FARGO**
**Violation of the Fair Credit Billing Act**
**15 U.S.C. § 1666 *et seq.***

40. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above at paragraphs 1-32.

41. Plaintiff is a natural person and an "obligor" within the meaning of 15 U.S.C. § 1666(a).

42. Defendant WELLS FARGO is a "creditor" as defined by 15 U.S.C. § 1602(g), and the account ending in 8528 is an open end consumer credit plan within the meaning of 15 U.S.C. §§ 1602(i) and 1602(j), established primarily for personal, family, or household purposes.

43. Defendant's failure to reflect properly on Plaintiff's periodic statements the payments Plaintiff made or tendered under the settlement agreement, including the final payment on or around October 17, 2025, which Defendant drafted and then reversed, constitutes a "billing error" under 15 U.S.C. § 1666(b)(4) and 12 C.F.R. § 1026.13(a)(4).

44. On or about October 16, 2025, within sixty days after Defendant transmitted the periodic statement reflecting the error, Plaintiff sent Defendant verbal notice over a phone call, that identified Plaintiff's name and account number, stated that Plaintiff believed the account contained a billing error, and set forth the reasons for that belief.

45. That phone call is qualitatively a writing because, pursuant to their statutory obligations, but ultimately on information and belief, Defendant recorded the call.

46. Rather than resolve the dispute, Defendant sent Plaintiff three successive letters stating that it required additional time to investigate.

47. Defendant failed, within two complete billing cycles and in no event later than ninety days after receiving Plaintiff's notice, either to correct the billing error and so notify Plaintiff, or to send Plaintiff a written explanation, after conducting an investigation, setting forth the reasons Defendant believed the account was correct, in violation of 15 U.S.C. § 1666(a)(3)(B) and 12 C.F.R. § 1026.13(c)(2).

48. In fact, Plaintiff only ever received a written explanation concerning the account on or around February 4, 2026.

49. The written response Defendant ultimately sent did not reflect a reasonable investigation, as required by 12 C.F.R. § 1026.13(f), because it omitted whether the payment Plaintiff scheduled for on or around July 1, 2025 was received, attributed the missed auto-payments to insufficient funds despite Plaintiff's available balance, and failed to account for the final payment Defendant drafted and then reversed.

50. While Plaintiff's billing-error notice remained unresolved, Defendant

attempted to collect the disputed amount, including by placing the account with Defendant FIRST for collection, in violation of 12 C.F.R. § 1026.13(d)(1), and, on information and belief, reported or threatened to report the disputed amount as delinquent, in violation of 15 U.S.C. § 1666a(a).

51. Pursuant to 15 U.S.C. § 1666(e), Defendant forfeited its right to collect the amount indicated by Plaintiff to be in error, and any finance charges thereon, to the extent provided by that subsection.

52. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered and continues to suffer actual damages, including emotional distress, mental distress, interference with Plaintiff's normal and usual activities, and the time and expense of disputing Defendant's errors, for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. Pursuant to 15 U.S.C. § 1640(a), Defendant is liable to Plaintiff for actual damages, statutory damages as provided by 15 U.S.C. § 1640(a)(2)(A), and the costs of this action together with reasonable attorney's fees.

## COUNT III – WELLS FARGO
## Violation of the Electronic Fund Transfer Act
## 15 U.S.C. § 1693 *et seq.*

54. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above at paragraphs 1-32.

55. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6) and 12

C.F.R. § 1005.2(e).

56. Defendant WELLS FARGO is a "financial institution" as defined by 15 U.S.C. § 1693a(9) and 12 C.F.R. § 1005.2(i), and holds Plaintiff's demand deposit account, which is an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005.2(b), established primarily for personal, family, or household purposes.

57. The recurring monthly debits from Plaintiff's account, made by debit card under the settlement agreement on the 17th day of each month or later, were "electronic fund transfers" and "preauthorized electronic fund transfers" as defined by 15 U.S.C. §§ 1693a(7) and 1693a(10) and 12 C.F.R. § 1005.2(g) and (k).

58. Plaintiff properly instructed Defendant to make each of those transfers, both by authorizing the recurring monthly debit and by renewing that authorization each time Defendant failed to execute it.

59. Defendant violated 15 U.S.C. § 1693h(a)(1) by failing to make electronic fund transfers in accordance with the terms and conditions of the account, in the correct amount, or in a timely manner when properly instructed to do so by Plaintiff, including on each of the occasions alleged in paragraph 17 and on or around October 17, 2025, when Defendant drafted and then reversed the final settlement payment.

60. None of the exceptions in 15 U.S.C. § 1693h(a)(1) applies, because,

as alleged in paragraph 20, Plaintiff's account held sufficient funds to complete each transfer, and no legal process, credit limit, or other circumstance prevented the transfers.

61. Outside of other disputes, on or about January 13, 2026, within sixty days after Defendant transmitted the periodic statement on which the error appeared, Plaintiff notified Defendant that the account contained an error, namely the reversal of the final settlement payment and its omission from Plaintiff's periodic statement. Defendant failed to investigate and report the results within the time required by 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11, did not provisionally recredit the account, and did not make a good faith investigation of the error, entitling Plaintiff to treble damages under 15 U.S.C. § 1693f(e).

62. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered and continues to suffer actual damages, including the referral of the account to third party debt collection, the loss of the benefit of the settlement agreement, emotional distress, mental distress, and interference with Plaintiff's normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

63. Pursuant to 15 U.S.C. §§ 1693h(a) and 1693m(a), Defendant is liable to Plaintiff for all damages proximately caused by its failure to make the transfers, actual damages, statutory damages of not less than $100 nor greater than $1,000,

treble damages as provided by 15 U.S.C. § 1693f(e), and the costs of this action together with reasonable attorney's fees.

**COUNT IV – WELLS FARGO**
**Breach of Contract**

64. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above at paragraphs 1-32.

65. Plaintiff and Defendant Wells Fargo entered into a debt settlement agreement which was a valid contract.

66. Defendant made an offer when it proposed to settle the debt in exchange for Plaintiff's partial payment.

67. Plaintiff provided acceptance by promise when he agreed to make the payments and by performance when he actually made the payments.

68. Definite terms included but were not limited to the price of the debt settlement and the deadlines for each payment.

69. Defendant Wells Fargo materially breached the settlement agreement when it refused to draw payments from Plaintiff's debit account; Defendant violated, and frustrated the purpose of, the agreement when it assigned Defendant FIRST to begin collection activity without extinguishing the debt.

70. Defendant's breach resulted in Plaintiff to suffer damages including but not limited to, unlawful debt collection activity, deprival of his expectation in the agreement which was the original debt's extinction, unjust loss of his money

expended in performance of the agreement.

**COUNT V – FIRSTSOURCE ADVANTAGE**
**Violation of the Florida Consumer Collection Practices Act**
**Fla. Stat. § 559.72**

71. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above at paragraphs 1-32.

72. Defendant's violations of the FCCPA include, but are not limited to, the following violations.

73. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or his family, or willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family, such as by sending Plaintiff a debt collection letter concerning a debt which Plaintiff does not owe.

74. Defendant violated Fla. Stat. § 559.72(9) by attempting to enforce a debt when Defendant knew that the debt was not legitimate, and by asserting the existence of a legal right to collect an amount greater than the final settlement payment when Defendant knew that right did not exist, such as by its letter dated January 6, 2026, because, on information and belief, the account records WELLS FARGO placed with Defendant showed that the account was subject to a settlement agreement under which Plaintiff had made or tendered every payment.

75. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage and continues to suffer actual damages, including emotional distress, mental distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

76. Pursuant to Fla. Stat. § 559.77(2), Defendant is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by Plaintiff. The court may award punitive damages and may provide such equitable relief as it deems necessary or proper.

**COUNT VI – FIRSTSOURCE ADVANTAGE**
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692 *et seq*.**

77. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above in paragraphs 1-32.

78. Defendant's violations of the FDCPA include, but are not limited to, the following violations.

79. Defendant violated 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, because any person would suffer harassment, oppression, or abuse were a debt collector to attempt debt collection regarding a debt that the person already settled.

80. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

81. Defendant violated 15 U.S.C. § 1692e(2) by the false representation of the character, amount, or legal status of any debt.

82. Defendant violated 15 U.S.C. § 1692e(8) by communicating to Plaintiff credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

83. Defendant violated 15 U.S.C. § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

84. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, because the settlement agreement limited Plaintiff's remaining obligation to, at most, the final settlement payment that WELLS FARGO rejected, and Defendant's letter dated January 6, 2026 demanded more than that amount.

85. Defendant violated 15 U.S.C. § 1692g by omitting the statutorily required written statements describing Plaintiff's right to dispute the debt.

86. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered and continues to suffer actual damages, including emotional distress, mental distress, and interference with Plaintiff's normal and usual activities for

which Plaintiff seeks damages in an amount to be determined by the trier of fact.

87. Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to recover actual damages, together with additional statutory damages of not more than $1,000, together with reasonable attorney's costs and legal fees.

**COUNT VII – WELLS FARGO**
**Fraudulent Inducement**

88. Plaintiff repeats and incorporates by reference into this cause of action the factual allegations set forth above in paragraphs 1-32.

89. Defendant falsely represented that Plaintiff's performance would settle the original debt.

90. Defendant falsely represented that it would draw payments from Plaintiff's debit account to affect performance.

91. Defendant knew or should have known that the statement was false because Defendant never once honored its false representations, and actually dishonored its representations by refusing to draw the payments it had agreed to draw.

92. Defendant intended that the false statements induce Plaintiff to act or rely on them because they were made amid the bargain or negotiation of the settlement agreement to induce Plaintiff's performance of partial payment.

93. Plaintiff justifiably relied on Defendant's misrepresentations to his own detriment or consequent injury in the forms of subsequent third party debt

collection, deprivation of his own money without receiving the benefit he paid for, and waste of Plaintiff's time and resources disputing and resolving each of Defendant's errors and carrying out this action against Defendant.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for violation of the Florida Consumer Collection Practices Act, violation of the Fair Debt Collection Practices Act, violation of the Fair Credit Billing Act, violation of the Electronic Fund Transfer Act, Breach of Contract, and Fraudulent Inducement, and for declaratory relief, and prays for the following:

a) Actual, statutory, and punitive damages together with reasonable attorney's fees incurred by Plaintiff pursuant to Fla. Stat. 559.77(2);

b) Actual and statutory damages together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k *et seq*.;

c) Actual and statutory damages, together with costs and reasonable attorney's fees, against Defendant WELLS FARGO pursuant to 15 U.S.C. § 1640(a), and forfeiture of the disputed amount pursuant to 15 U.S.C. § 1666(e);

d) All damages proximately caused, actual damages, statutory damages, and treble damages where applicable, together with costs and reasonable attorney's fees, against Defendant WELLS FARGO pursuant to 15 U.S.C. §§ 1693f(e), 1693h(a), and 1693m(a);

e) Compensatory and punitive damages for Defendant's fraudulent inducement;

f) Expectancy damages resulting from Defendant's breach of contract;

g) A declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that (i) Plaintiff and WELLS FARGO entered into a valid and enforceable settlement agreement; (ii) Plaintiff performed or tendered performance of every payment due under that agreement, and WELLS FARGO's refusal of the final payment prevented and excused any further performance; (iii) the debt on the account ending in 8528 is satisfied and extinguished or, in the alternative, Plaintiff's sole remaining obligation is the amount of the final settlement payment; and (iv) Defendants have no right to collect any amount on that account beyond what is declared owed; and

h) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: October 28, 2026

*/s/ Mitchell Ortega*
Mitchell Ortega
Gator Law, P.C.
2 N Central Avenue, Ste. 1800
Phoenix, AZ 85004

P: (385) 324-5471
E: attorneys@gatorlawpc.com
Attorneys for Plaintiff,
DAVID TEICHMAN